UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TAMARA-JO SARDAKOWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF TEXAS; MR. COOPER; FEDERAL HOME LOAN MORTGAGE CORPORATION; STEWART TITLE COMPANY; STATE OF SOUTH DAKOTA; PENNINGTON TITLE COMPANY; MICHAEL DEVITO, in his private and professional capacities; FREDERICK H. EPPINGER, in his private and professional capacities; JAY BRAY, in his private and professional capacities; KURT JOHNSON, in his private and professional capacities; SHANNON RITTBERGER, in her private and professional capacities; JANET SAYLER, in her private and professional capacities; RANAE TRUMAN, in his private and professional capacities; GREG WICK, in his private and professional capacities,<br><br>Defendants. | 5:23-CV-05044-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

Plaintiff Tamara-Jo Sardakowski filed this pro se lawsuit seeking "relief, restitution and money damages" for alleged "trespass by way of deprivation and violation of rights under color of law," invasion of privacy, and violations of the Fair Debt Collection Practices Act. Doc. 1. Before any defendant was served, Sardakowski filed three supplements to her complaint, Docs. 2, 3, and 4, and an amended complaint, Doc. 23. It appears that the amended complaint re-states the allegations in the complaint and three supplements, but the amended complaint does not include

Exhibits A-H, which were attached to the initial complaint. See Doc. 23. All the defendants that have been served have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). Docs. 28, 32, 34, 38. The State of South Dakota also moves to dismiss under Federal Rule of Civil Procedure 12(b)(5). Doc. 34; Doc. 35 at 6–8. The State of Texas, Stewart Title Company, Frederick H. Eppinger, Pennington Title Company, and Greg Wick have not been served, but Sardakowski has informed the Court that she no longer intends to pursue claims against these defendants. See Doc. 27. For the reasons below, this Court grants Defendants' motions to dismiss.

## I. Factual Allegations of Sardakowski's Amended Complaint

Sardakowski claims that defendants are "severally and jointly [liable] for misconduct related to their attempt to foreclose on an alleged 'single-family residential mortgage of private property.[']" Doc. 23 at 1. She seeks "relief, restitution, and money damages in the amount of $3,620,377.60[1] for trespass by way of deprivation and violation of rights under color of law, invasion of privacy, identity theft, and Fair Debt Collection Practices Act violations[.]"

Sardakowski states that she has received correspondence from MR COOPER, a mortgage service company, containing threats and vulgar language in violation of the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1 at 3; Doc. 23 at 8, ¶ 18; Doc. 23 at 10 ¶ 37. Sardakowski asserts "[t]here is no valid contract between the parties[,]" and accuses MR COOPER of trespass "based on their claim of fictitious obligation of an alleged debt owed . . . Defendants are unwilling or unable to prove . . . with accounting records." Doc. 23 at 3. Because "the record shows that an alleged loan has **never** been proven to exist, the Mortgage is not in arrears [and Sardakowski's] private property cannot be in 'foreclosure.' " Id. at 11. Sardakowski alleges that a "Mortgage is

---

[1] Sardakowski's claimed damages are itemized in the "True Bill" she filed as a supplement to the initial complaint, Doc. 4, and an exhibit to the amended complaint, Doc. 23-3.

2

an unfair and unconscionable, one-sided contract of adhesion." Id.. Sardakowski alleges that the security interest has been lawfully rescinded. Id. at 5, 12. Sardakowski also asserts that she has recorded Uniform Commercial Code (U.C.C.) liens and assignments on her property that have priority over the alleged mortgage. Id. at 13, 15.

The amended complaint alleges that MR COOPER has referred the mortgage account to a third-party debt collector law firm, Halliday Watkins and Mann, P.C., for foreclosure which Sardakowski alleges constitutes identify theft. Id. at 2, 4. According to Sardakowski, "[t]he record does not reflect any valid claim for foreclosure." Id. at 6. Sardakowski seeks a permanent injunction directing Bray, Johnson, or another MR COOPER agent to file release of lien documents to cancel the security interest recorded on Sardakowski's property in Pennington County. Id. at 4. According to the amended complaint, Bray and Johnson each sometimes act as "Chief Financial Officer of the Corporation MR COOPER[.]" Id. at 18. She also seeks a permanent injunction ordering defendants not to deposit unauthorized materials onto her property without express written consent. Id. at 4. Although the amended complaint names Federal Home Loan Mortgage Corporation and its Chief Executive Officer, Michael DeVito, as defendants, the amended complaint contains no specific factual allegations of wrongdoing against these defendants. Id. at 23 (alleging that Federal Home Loan Mortgage Corporation "claims to be the 'holder' of the Note for the alleged Mortgage").

Sardakowski alleges that "[o]n January 8, 2023, [she] received correspondence from PENNINGTON COUNTY Treasurer, a debt collector, containing *threats* and obscene language with an amount due on subject property in violation of Fair Debt Collection Practices Act regulations." Id. at 2; Doc. 23-2 at 2. Sardakowski alleges that Pennington County and its agents "use the false record in the public to administer [her] private property for public use and expect a

3

'performance' (property taxes) from [her] to live on private land." Doc. 23 at 3. Sardakowski also alleges that "Pennington County and its agents refuse to remove [her] private property from the public record or classify it as non-taxable[.]" Id. at 3–4. According to Sardakowski, Pennington County "has no jurisdiction to tax private property[,]" and she does not consent to be taxed for living in and on [her] own private property." Id. at 10–11. Because she did not consent to allow Pennington County to communicate with her about any property tax debt, Sardakowski alleges the property tax notice violates the FDCPA. Id. at 15, 17. Sardakowski asserts that her private real estate is exempt from property tax under SDCL § 10-4-6.1.[2] Id. at 16. She contends that her property is private property in the "state" and falls outside the definition of "real estate" set forth in SDCL § 36-21A-11. Id. Thus, her real property is not subject to taxation under SDCL § 10-4-1. Id. Because Pennington County and its agents refuse to remove Sardakowski's private property from the public record or classify it as non-taxable, Sardakowski alleges that the Pennington County defendants have interfered with her rights of possession by trespass. Id. at 2.

## II.    State of South Dakota's Motion to Dismiss

The State of South Dakota moves to dismiss Sardakowski's amended complaint under Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Doc. 34.

### A.    Insufficient Service of Process

Federal Rule of Civil Procedure 4(j)(2) provides that "[a] state . . . that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) . . . in the manner prescribed by that state's law for serving a summons or like process[.]" To accomplish service on the State of South Dakota, Sardakowski arranged to have the Hughes County Sheriff's Office serve the summons and complaint on Secretary of State Monae

---

[2] SDCL § 10-4-6.1 provides that personal property is exempt from ad valorem taxation.

4

L. Johnson. Doc. 41. Because the State of South Dakota's chief executive officer, the Governor, was not served, service was not proper under Rule 4(j)(2)(A). See Lewis v. South Dakota, 5:21-CV-05083-JLV, 2022 WL 1166169, *1 (D.S.D. Apr. 20, 2022) (stating that Rule 4(j) requires "that a non-party complete delivery of the summons and complaint on the governor" to effectuate service on the State of South Dakota).

South Dakota law requires service on the Governor and Attorney General to effectuate service on the State of South Dakota. SDCL § 15-6-4(d)(5). Because the Governor and the Attorney General were not served, service was not proper under Rule 4(j)(2)(B). The State of South Dakota's motion to dismiss under Rule 12(b)(5) is granted.

### B. Eleventh Amendment Immunity

Sardakowski alleges that the "STATE OF SOUTH DAKOTA through its subdivision agencies, has and owes a duty of care to [Sardakowski] to protect her private rights from abridgment, infringement and invasion by its officers, agents and contractors." Doc. 23 at 10. Even if Sardakowski had properly served the State of South Dakota, this Court does not have subject-matter jurisdiction over the State of South Dakota. The Eleventh Amendment generally acts as a bar to suits against a state unless the state has waived its sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (stating that while "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Denke v. S.D. Dep't of Soc. Servs., 829 F.2d 688, 689 (8th Cir. 1987) (recognizing the Eleventh Amendment bars suits "against the state or one of its agencies"). The State of South Dakota has not waived its sovereign immunity, and this Court thus lacks subject-matter jurisdiction over the State under the Eleventh Amendment. The State of South Dakota's motion to dismiss under 12(b)(6) is granted.

### III. Jurisdictional Analysis

Federal Rule of Civil Procedure 12(b)(1) requires a defendant seeking dismissal of an action for lack of subject-matter jurisdiction to assert the defense in a responsive pleading. After the defendants were served, they moved to dismiss for lack of subject-matter jurisdiction. Docs. 28, 32, 34, 38. Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Sardakowski's complaint involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

#### A. Diversity Jurisdiction

District courts have jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023). Sardakowski, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Sardakowski's complaint, she is a "woman, on the land of the South Dakota Republic." Doc. 23 at 1.[3] Sardakowski attached to her complaint and amended complaint

---

[3] Many of the documents Sardakowski has filed are captioned "In the Sardakowski court at The Federal Court of Claims." See, e.g., Docs. 7, 13, 14, 15, 16, 17. In fact, Sardakowski denies that her claim is pending "in the federal district court[.]" Doc. 49 at 2.

6

documents listing her address in Rapid City, South Dakota. See, e.g., Doc. 1-1 at 2, 9, 14; Doc. 23-2 at 4; Doc. 23-3 at 1; see also Doc. 15-1. The property tax notice that is the basis of Sardakowski's claims against the Pennington County defendants is addressed to Sardakowski at an address in Rapid City, South Dakota. Doc. 23-2 at 2. Thus, based on the documents that Sardakowski has filed, this Court concludes that she is a citizen of the State of South Dakota. Sardakowski asserts claims against individual defendants who are also citizens of the State of South Dakota: Janet Sayler, Treasurer of Pennington County; Shannon Rittberger, Director of Equalization of Pennington County; Ranae Truman, Pennington County Clerk of Courts; and Travis Lasseter, County Commissioner for District 4 of Pennington County. Doc. 23 at 18; Doc. 44. Thus, Sardakowski has not met her burden of demonstrating complete diversity of citizenship.

**B.   Federal Question**

Because diversity jurisdiction under § 1332(a) is inapplicable, this Court must determine whether federal question jurisdiction exists. District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Merely identifying a federal issue is not enough to confer federal jurisdiction; the right being enforced must arise from federal law. Cagle v. NHC Healthcare-Maryland Heights, LLC, 78 F.4th 1061, 1066 (8th Cir. 2023). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. . Williams, 482 U.S. 386, 392 (1987). Liberally construing the allegations in Sardakowski's complaint and exhibits, supplements, and amended complaint and exhibits, she has not pleaded a viable claim arising under federal law. Sardakowki alleges defendants are liable for trespass and invasion of property, which are state law claims. Sardakowski does not identify any federal law

that provides for a cause of action for trespass or invasion of property. Thus, this Court will now analyze the various federal statutes and potential claims arising under federal law referenced in Sardakowski's complaint and amended complaint.

### 1. Qui Tam (31 U.S.C. § 3729(a))

Along with the Complaint, Sardakowski submitted a Civil Cover Sheet describing her lawsuit as a qui tam action. Doc. 1 at 5. Because Sardakowski submitted a Civil Cover Sheet describing her lawsuit as a qui tam action, this action remained under seal in accordance with 31 U.S.C. § 3730(b)(2). After Sardakowski filed a notice demanding that the Clerk of Court issue summonses Sardakowski had mailed to the Clerk's office, see Doc. 12, this Court issued an order directing that Sardakowski serve the Government with a copy of her complaint and a written disclosure of substantially all material evidence and information she possesses pursuant to Federal Rule of Civil Procedure 4(d)(4). Doc. 19 at 2. However, because this Cout's review of the complaint and other materials Sardakowski has filed did not reveal that Sardakowski had alleged a violation of the False Claims Act, 31 U.S.C. § 3729, this Court directed Sardakowski to file an amended Civil Cover Sheet or other document providing notice that she does not intend to pursue a qui tam action if the reference to a qui tam action is mistaken. Doc. 19 at 2. Sardakowski notified this Court she does not intend to pursue a qui tam action and filed an amended Civil Cover Sheet. Docs. 20, 21. Thus, Sardakowski has not alleged a qui tam action under the False Claims Act.

### 2. 42 U.S.C. § 1983

In the caption of the amended complaint, Sardakowski alleges violations of the First, Fourth, and Fifth Amendments. Doc. 23 at 1. In the caption of her initial complaint, she alleged trespass pursuant to 42 U.S.C. § 1983. Doc. 1 at 1.

8

        **a.   Mr. Cooper, Federal Home Loan Mortgage Corporation, Michael Devito, Jay Bray, Kurt Johnson, and Halliday, Watkins & Mann, P.C. (hereinafter "mortgagee defendants")**

Section 1983 is limited to actions taken "under color of" state law. Campbell v. Reisch, 986 F.3d 822, 824 (8th Cir. 2021) ("[Section] 1983 excludes from its reach merely private conduct, in that, for a § 1983 claim to succeed, a defendant must have acted under color of state law." (cleaned up and citation omitted); see also Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619 (1991) (reiterating that in general constitutional guarantees apply only to action by the government and do not apply to the actions of private entities). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution or laws of the United States. West v Atkins, 487 U.S. 42, 48 (1988). Sardakowski has not alleged any facts which would support a finding that any of the mortgagee defendants were acting under color of state law when they attempted to enforce a mortgage on her property.

The Supreme Court of the United States has held that foreclosure procedures do not implicate the Fourteenth Amendment unless there is some direct state involvement in the execution of the foreclosure. Fuentes v. Shevin, 407 U.S. 67, 70–71 (1972). "[A] private party's mere invocation of state legal procedures does not constitute state action." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Mortgage holders and their attorneys are private entities not subject to suit under § 1983 for pursuing foreclosure. See, e.g., Zebrowski v. Wells Fargo Bank, N.A., 657 F. Supp. 2d 511, 521 (D.N.J. 2009) (stating that use of state foreclosure action does not transform action between private parties into state action); Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F. Supp. 1122, 1129–31 (D. Del. 1988), aff'd, 877 F.2d 57 (3d Cir. 1989) (holding a bank and attorney who filed foreclosure action were not acting under color

of state law). Thus, Sardakowski fails to state a claim against the mortgagee defendants under § 1983 upon which relief can be granted.

### b.     Pennington County defendants

Sardakowski brings claims against Janet Sayler, the Pennington County Treasurer, Shannon Rittberger, the Pennington County Director of Equalization, Renae Truman, the Pennington County Clerk of Courts, and Travis Lasseter, a Pennington County Commissioner (hereinafter "Pennington County defendants"). Doc. 23 at 18. Sardakowski's claims against Pennington County are premised on her claim that it is unconstitutional for Pennington County to tax her private property. Her amended complaint describes the "federal question" as whether the "Pennington County tax assessor [can] decide to include private property on their public service tax rolls despite such tax violating constitutional law and jurisdiction." Id. at 3. But these allegations fail to state a claim upon which relief can be granted. The United States Supreme Court has held that general principles of comity bar federal courts from awarding damages in an § 1983 action challenging state tax procedures. Fair Assessment in Real Est. Ass'n, Inc. v. McNary, 454 U.S. 100, 115–16 (1981). The Court explained:

> The recovery of damages under the Civil Rights Act first requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claims. We consider such interference to be contrary to "[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts."

Id. (quoting Matthews v. Rodgers, 284 U.S. 521, 525 (1932)). "[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." Id. at 116.

In addition to damages, Sardakowski seeks injunctive relief against the Pennington County defendants. She seeks an order directing that her private property be removed from the public records or classified as non-taxable. Doc. 23 at 2, 4. The Tax Injunction Act ("TIA") forecloses this claim. The TIA provides in relevant part that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Sardakowski does not allege that she has attempted to pursue any state remedy regarding property tax assessments[4] or that the state remedies are inadequate. See generally Docs. 1, 2, 3, 4, and 23. For these reasons, Sardakowski fails to state a claim against the Pennington County defendants under § 1983 upon which relief can be granted.

### 3. Fair Debt Collection Practices Act

Sardakowski alleges that defendants have violated the FDCPA. Doc. 23 at 1.

#### a. Mortgagee Defendants

Sardakowski alleges that the mortgagee defendants violated the FDCPA because they communicated with her regarding a debt without her express written consent. Doc. 23 at 6, ¶ 4; Doc. 23-2 at 12 ("Sending a debt collection correspondence without written consent is a violation of FDCPA rules."). Sardakowski fails to state a claim upon which relief can be granted under the FDCPA against the mortgagee defendants for two reasons. First, the United States Supreme Court has held that an individual or entity that engages in nonjudicial foreclosure proceedings are not "debt collectors" within the meaning of the FCDPA. Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1038 (2019). See also Doc. 14 at 1 (alleging that Halliday, Watkins & Mann, P.C.,

---

[4] SDCL Chapter 10-11 outlines the procedure for reviewing, challenging, and correcting property tax assessments.

"claims a right to collect a debt and a right to bring a non-judicial foreclosure action[.]"). Second, Sardakowski misconstrues the FDCPA's requirements regarding communication in connection with debt collection. Even assuming the mortgagee defendants are "debt collectors," the FDCPA only requires express consent of a consumer before communicating with the consumer regarding the collection of a debt if the debt collector intends to contact the consumer at an unusual time or place, if the consumer is represented by an attorney, or if the debt collector intends to contact the consumer are her place of employment. 15 U.S.C. § 1692c(a). Sardakowski does not allege that any of the communications she challenges fall within the circumstances requiring express consent.

    **b.**  **Pennington County Defendants**

  Sardakowski alleges that on January 8, 2023, she received correspondence from Pennington County, a debt collector, containing threats and obscene language in violation of the FDCPA. Doc. 23 at 15, ¶ 20. Contrary to Sardakowski's allegations, Pennington County is excluded from the definition of debt collector. See 15 U.S.C. § 1692a(6)(C) (providing that the term "debt collector" does not include "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."). Even if Pennington County is considered a debt collector, Sardakowski's allegation that the January 8, 2023, correspondence violates the FDCPA lacks merit. Sardakowski attached as Exhibit K to her amended complaint a copy of the January 8, 2023, correspondence she received from the Pennington County Treasurer. Doc. 23-2 at 2. The correspondence is a Notice of Taxes due and, contrary to Sardakowski's allegations, contains no threats nor obscenities and does not otherwise violate the FDCPA. Sardakowski has failed to state a claim upon which relief can be granted under the FDCPA against the Pennington County defendants.

### 4. Federal Declaratory Judgment Act

Sardakowski seeks a declaratory judgment under 28 U.S.C. § 2201. Doc. 23 at 6. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) ("[T]he Declaratory Judgment Act . . . does not provide an independent basis for federal jurisdiction." (quoting Victor Foods, Inc. v. Crossroads Econ. Dev., 977 F.2d 1224, 1227 (8th Cir. 1992))).

### 5. Identity Theft

According to Sardakowski's amended complaint, she seeks to recover for identity theft. Doc. 23 at 1. In some cases, identify theft can be a federal crime. See 18 U.S.C. § 1028. But Sardakowski does not allege any facts that would give rise to federal criminal liability for identity theft. Sardakowski alleges that using her name to attempt to collect a debt without express consent or a permissible purpose is identity theft. Doc. 23-2 at 15. However, even if Sardakowski had alleged facts that could give rise to federal criminal liability for identity theft, it is well established that an alleged violation of a federal criminal statute does not create a private cause of action that can be enforced in a § 1983 action. Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003).

### 6. Privacy Act

In the caption of her initial complaint, Sardakowski references the Privacy Act, 5 U.S.C. § 552. Doc. 1 at 1. She does not cite the Privacy Act in the amended complaint, but she mentions the Privacy Act in connection with her allegation that the Pennington County defendants failed to remove "private" property information on deed records. Doc. 23 at 17, ¶ 17. This Court liberally construes Sardakowski's amended complaint to allege a violation of the Privacy Act, but these allegations fail to state a viable federal claim. The Privacy Act, 5 U.S.C. § 552, which is part of the Administrative Procedure Act, applies to agencies of the federal government and does not apply to state or municipal agencies and their officials and employees. Pennyfeather v. Tessler,

13

431 F.3d 54, 56 (2d Cir. 2005). See also Warnock v. City of Canton, 4:11-CV-4023-KES, 2012 WL 2050734, at *7 (D.S.D. June 7, 2012) (holding that a claim under the Privacy Act, 5 U.S.C. § 552a(b) cannot be brought against a county or municipality because they are not federal agencies).

### 7.     Other Federal Statutes Cited in the Amended Complaint

In her amended complaint, Sardakowski identifies "relevant federal acts." But Sardakowski has not pleaded a viable claim for relief under any of the federal statutes she identifies. Two of the "relevant" statutes Sardakowski cites, the Federal Reserve Act and the National Housing Act, do not provide for a private cause of action by Sardakowski against a mortgage servicing company and the law firm the company retained. See Escobar v. All. Credit Union, 2023 WL 8720903, at *2 (N.D. Tex. Nov. 30, 2023 ) ("[T]he Federal Reserve Act does not create a private cause of action."); Baker v. Northland Mortg. Co., 344 F. Supp. 1385, 1386 (N.D. Ill. 1972) (stating that the National Housing Act and regulations promulgated thereunder "deal only with relations between the mortgagee and the government, and give mortgagors no claim to a duty owed nor a remedy"); Ahmed v. Deutsche Bank, N.A., 2011 WL 3425460, at *3 (D. Nev. Aug. 4, 2011) (holding that the National Housing Act does not give rise to private cause of action by a mortgagee against a mortgagor arising out of a mortgage foreclosure).

Sardakowski identifies Section 306 of the Federal Deposit Insurance Corporation Improvement Act of 1991 as a relevant federal act. Doc. 23 at 12. Section 306, which is codified at 12 U.S.C. § 375b, generally prohibits member banks from making loans to certain insiders, such as bank officers or individuals or companies owning over a certain percentage of the bank's stock. The United States Code expressly provides for a private cause of action for violating § 375b. 12.U.S.C. § 503; see also Marx. V. Centran Corp., 747 F.2d 1536, 1547–48 (6th Cir. 1984). But Sardakowski has not pleaded a viable claim under § 375b. None of the defendants are "member

14

banks." 12 U.S.C. § 221 ("The term 'member bank' shall be held to mean any national bank, State bank, or bank or trust company which has become a member of one of the Federal reserve banks.").

### 8.     28 U.S.C. §§ 1346 and 1491

In the caption of her initial complaint, Sardakowski cites 28 U.S.C. §§ 1346 and 1491. Doc. 1 at 1. The amended complaint does not reference these statutes. See generally Doc. 23. Nevertheless, the Court liberally construes Sardakowski's pleadings to allege that this Court has jurisdiction under 28 U.S.C. §§ 1346 and 1491. Neither of these statutes are applicable to Sardakowski's claims because she has not named the United States as a defendant. See 28 U.S.C. § 1346 (providing that the district courts have original jurisdiction, concurrent with the United States Court of Federal Claims, over certain claims against the United States). Further, 28 U.S.C. § 1491 confers jurisdiction on the United States Court of Federal Claims, not the District of South Dakota.

Having determined that federal question jurisdiction is lacking and that there is not complete diversity of citizenship, Federal Rule of Civil Procedure 12(h)(3) mandates that this Court grant defendants' motions to dismiss under Rule 12(b)(1), Docs. 28, 32, 38, and dismiss this action due to lack of subject-matter jurisdiction. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases."). Because Sardakowski has not pleaded a viable claim over which this Court has subject-matter jurisdiction, this Court cannot exercise supplemental jurisdiction over any state law claim she has alleged. 28 U.S.C. § 1367(a).

## V. Sardakowski's Motions for Injunctive Relief

Sardakowski seeks an injunction against Halliday, Watkins & Mann, P.C. See Docs. 14, 16. Because a federal court cannot hear a case that falls outside of the limited jurisdiction conferred by Congress, it was necessary for this Court to first address the issue of subject-matter jurisdiction before considering Sardakowski's motions for injunctive relief. See United States v. Negele, 222 F.3d 443, 446 (8th Cir. 2000) (stating that when there is an issue regarding subject-matter jurisdiction, the court must address this issue first). Because this Court does not have subject-matter jurisdiction over any of Sardakowski's claims, the Court necessarily lacks subject-matter jurisdiction to order injunctive relief. Sardakowski's motions for injunctive relief, Docs. 14, 16, are denied.

## VI. Conclusion

Accordingly, it is

ORDERED that defendants' motions to dismiss, Docs. 28, 32, 34, and 38, are granted, and this action is dismissed without prejudice because there is no subject-matter jurisdiction. It is further

ORDERED that Sardakowski's motions for injunctive relief, Docs. 14, 16, are denied.

DATED March 1st, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE